Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CARMEN ENID ACEVEDO BETANCOURT<br><br>Recurrida<br><br>v.<br><br>ADMINISTRACIÓN DE SEGUROS DE SALUD DE PUERTO RICO Y OTROS<br><br>Peticionaria | KLCE202400910 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV05191<br><br>Sobre:<br>Ley De Transparencia y Procedimiento Expedito para Acceso a la Información Pública (Ley 141-2019) |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de agosto de 2024.

Comparece la Corporación Pública para la Supervisión y Seguro de Cooperativas de Puerto Rico, en adelante COSSEC o la peticionaria y solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI. Mediante la misma, el TPI declaró ha lugar el *Recurso Especial de Acceso a la Información Pública*, presentado por la señora Carmen Enid Acevedo Betancourt, en adelante la señora Acevedo Betancourt o la recurrida, denegó la moción de desestimación presentada por la peticionaria y le ordenó a esta entregar la información solicitada.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

Número Identificador

RES2024 _____

**-I-**

En el contexto de un pleito sobre la *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública*, en adelante la Ley Núm. 141-2019, la señora Acevedo Betancourt presentó un *Recurso Especial de Acceso a la Información Pública* contra la peticionaria.[1] Alegó que solicitó a COSSEC una lista de sus empleados y empleadas de confianza, para el periodo comprendido desde el año 2021 hasta el presente. En lo aquí pertinente, arguyó, que dirigió la solicitud a la señora Lisdián Acevedo Román, en adelante la señora Acevedo Román, a quien identificó como la oficial de prensa de COSSEC. Adujo, además, que al momento de su comparecencia ante el TPI, ninguna de las agencias había enviado las listas. Por esta razón, la recurrida solicitó al foro primario que ordenara a la peticionaria proveer la información requerida.

Por su parte, COSSEC presentó una *Moción en Cumplimiento de Orden, Contestación a Demanda en Solicitud de Desestimación*.[2] Mediante la misma, sostuvo que no procedía la causa de acción en su contra porque, en cumplimiento con la Ley Núm. 141-2019, publicó la información de los oficiales de comunicación en su página oficial. Sin embargo, la señora Acevedo Betancourt optó por solicitar la lista de los empleados de confianza a la señora Acevedo Román, quien es una contratista de COSSEC y no una funcionaria pública, oficial de información, oficial de prensa o empleada de la corporación. En síntesis, coligió que, al así

---

[1] Apéndice de la peticionaria, págs. 1-17.
[2] *Id.*, págs. 37-75.

proceder, la recurrida privó a COSSEC de levantar las defensas disponibles de confidencialidad y de evaluar si la información solicitada está dentro de las excepciones de la Ley Núm. 141-2019.

En desacuerdo, la señora Acevedo Betancourt presentó una *Moción en Cumplimiento de Orden, Aviso de Desistimiento Parcial y Oposición a Mociones de Desestimación*.[3] Arguyó que, contrario a la contención de COSSEC, los artículos 5 y 6 de la Ley Núm. 141-2019 dejan "diáfanamente claro que un solicitante de información no tiene obligación alguna de presentar una solicitud de información ante los oficiales de información designados de la agencia para convertirse en acreedor a los términos y procedimientos dispuestos en la ley". También argumentó, que el nombre y correo electrónico de la señora Acevedo Román surgen de una lista de contactos de prensa, en la que se le identifica como persona enlace para la solicitud de información a COSSEC. Destacó, además, que la lista se la proveyó la Ayudante Especial y Oficial de Prensa de La Fortaleza.

Añadió la recurrida que el mismo contrato presentado por COSSEC para demostrar que la señora Acevedo Román es una contratista y no oficial de información, denota que la naturaleza de sus funciones se circunscribe a la prensa, a los medios de comunicación y a las relaciones públicas. Así pues, afirmó que la señora Acevedo Román ha fungido como persona contacto para la solicitud de documentos de COSSEC y de otras agencias como ASES, el Departamento de Salud y el Registro Demográfico.

---

[3] *Id*., págs. 90-106.

Del mismo modo, COSSEC enfatizó que su solicitud de información fue debidamente notificada a COSSEC porque la realizó a través de la señora Acevedo Román, quien tiene "abundante experiencia tramitando… solicitudes de información a nombre de las entidades gubernamentales a las que brinda servicios profesionales". Prueba de lo anterior es que el pleito de epígrafe representa la séptima ocasión en la cual el Proyecto de Acceso a la Información de la Clínica de Asistencia Legal de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico presenta una reclamación judicial a nombre de una parte que tramitó una solicitud de acceso a la información, por conducto de la misma contratista de COSSEC, a saber, la señora Acevedo Román.

A su vez, señaló que no entiende la posición de la peticionaria porque la misma solicitud de las listas de empleados de confianza fue enviada a ASES y ASEM, por conducto de dos personas que ofrecen servicios profesionales, y ambas entidades divulgaron la información solicitada sin reparo alguno. Por estas razones, opina que la omisión de la señora Acevedo Román, de notificarle su petición a COSSEC, no se le puede atribuir a la recurrida.

Finalmente, la señora Acevedo Betancourt recordó que, conforme al propósito legislativo, la Ley Núm. 141-2019 debe interpretarse de forma liberal y beneficiosa, a favor de la parte que solicita la información pública.

Con el beneficio de la comparecencia de todas las partes, el TPI declaró no ha lugar la moción de

desestimación y ordenó a COSSEC a que en un término de cinco días entregara la información solicitada.[4]

Inconforme, COSSEC presentó una *Moción en Solicitud de Reconsideración* en la que reiteró los argumentos esbozados en la *Moción en Cumplimiento de Orden, Contestación a Demanda en Solicitud de Desestimación*.[5] En síntesis, alegó que, conforme a la Ley Núm. 141-2019, un contratista no está facultado para recibir, procesar y reproducir información pública. "Por el contrario, el Legislador estableció que la responsabilidad de atender la solicitud de información pública recae sobre los Oficiales de Información y debe ser enviada a través del correo electrónico de la Corporación, o a través de algún funcionario de la Corporación y/o oficial de prensa designado".

Por su parte, la recurrida compareció ante el foro inferior mediante un *Aviso de Desistimiento Parcial contra el DRNA, Dúplica a Escrito Presentado por la ASEM, Oposición a Solicitud de Reconsideración de COSSEC y Solicitud de Remedios contra el DSP*.[6] En su escrito reiteró su posición y añadió que en virtud de las tareas delegadas por COSSEC a la señora Acevedo Román, "sería un sin sentido que el contrato delegue funciones… que le requieren interacción constante y frecuente con periodistas, pero a la vez le prohíba recibir y canalizar peticiones de información que puedan presentar estas personas".

Luego de evaluar los alegatos de las partes, el TPI declaró ha lugar el Recurso *Especial de Acceso a la Información Pública* y, en lo aquí pertinente, ordenó a

---

[4] *Id.*, págs. 119-120.
[5] *Id.*, págs. 121-128.
[6] *Id.*, págs. 133-147.

COSSEC entregar la información solicitada. En esencia, el foro sentenciador concluyó:

> En cuanto al argumento de COSSEC, como detallamos anteriormente, la Ley Núm. 141 es meridianamente clara en cuanto a que las solicitudes de información no tienen que hacerse solamente a los Oficiales de Información… La Asamblea Legislativa, evidentemente, tomó en consideración la posibilidad de que una persona solicitara información a personas que no son los Oficiales de Información, por lo que dispuso que, "[l]o anterior no limitará de forma alguna la opción de los ciudadanos y de la prensa para solicitar información a otros funcionarios de la dependencia, incluyendo al Oficial de Prensa de la entidad gubernamental". Aun si entendiéramos que el artículo 5 no es manifiesto en cuanto a cómo proceder si se hace una solicitud a un empleado que no es el Oficial de Información, debemos recordar que esta ley siempre debe interpretarse de la manera más liberal y beneficiosa para la persona solicitante. Art. 12 de la Ley Núm. 141, 3 LPRA sec. 9922. El acceso a la información pública no es, meramente, un derecho estatutario, sino un derecho constitucional reconocido por nuestro Tribunal Supremo y la Asamblea Legislativa.[7]

Aún inconforme, COSSEC presentó un *Certiorari* en el que invoca la comisión del siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE SAN JUAN, AL INTERPRETAR QUE LAS SOLICITUDES DE INFORMACIÓN BAJO LA LEY 141-2019, SEGÚN ENMENDADA PUEDEN SER DIRIGIDAS A UN TERCERO CONTRATISTA QUIEN NO ES FUNCIONARIO O EMPLEADO PÚBLICO DE LA CORPORACIÓN NI OFICIAL DE PRENSA. OBLIGANDO A LA CORPORACIÓN A DENTRO DEL TÉRMINO ESTABLECIDO EN LEY ATENDER UNA SOLICITUD CURSADA A UN TERCERO CONTRATISTA QUE NO CUMPLE CON LOS REQUISITOS DE LEY, A RECIBIR LA NOTIFICACIÓN Y NOTIFICAR AL OFICIAL DE INFORMACIÓN LAS SOLICITUDES DE INFORMACIÓN PÚBLICA.

Posteriormente, COSSEC acudió ante nos mediante una *Moción Solicitando Paralización de Procedimientos,* que declaramos no ha lugar.

Oportunamente, la recurrida presentó su alegato.

Luego de revisar los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

---

[7] *Id*., págs. 152-160.

**-II-**

**A.**

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[8] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[9] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[10]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[8] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).

[9] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.

[10] *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[11]

**B.**

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo.[12] Cónsono con dicho propósito, la Regla 10.2 de Procedimiento Civil permite a un demandado presentar una moción antes de presentar su contestación a la demanda, solicitando que se desestime la misma.[13] Específicamente, la Regla 10.2 reconoce varios supuestos bajo los cuales es posible solicitar una desestimación, a saber:

… (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.[14]

"[A]l resolver una solicitud de desestimación fundamentada en que se deja de exponer una reclamación que justifica la concesión de un remedio, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente".[15] A su vez, los hechos

---

[11] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.
[12] R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 3901, pág. 411; *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022).
[13] Hernández Colón, *op. cit.*, sec. 2601, pág. 305; 32 LPRA Ap. V, R. 10.2; *Casillas Carrasquillo v. ELA*, *supra*.
[14] Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.
[15] *Costas Elena v. Magic Sport Culinary Corp.*, 2024 TSPR 13, __ DPR __ (2024).

bien alegados, deberán ser considerados de la forma más favorable a la parte demandante.[16] De modo, que nuestro ordenamiento procesal civil permite al demandado solicitar la desestimación de la reclamación cuando de las alegaciones de la demanda es evidente que alguna de las defensas afirmativas prosperará.[17]

Finalmente, ante una solicitud de desestimación, el tribunal deberá identificar los elementos que establecen la causa de acción y las meras alegaciones concluyentes que no pueden presumirse como ciertas.[18] Específicamente, deberá evaluar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida".[19] Así pues, para prevalecer, el demandado deberá probar que el demandante no tiene derecho a remedio alguno, aun interpretando la demanda de la manera más liberal a su favor.[20]

### C.

En nuestro ordenamiento jurídico se ha reconocido que el derecho de acceso a la información pública goza de rango constitucional. Este derecho "faculta a la ciudadanía a exigirle al gobierno que rinda cuentas sobre su gestión, lo que resulta esencial para lograr una mayor transparencia gubernamental".[21] En aras de

---

[16] *López García v. López García*, 200 DPR 50, 69 (2018); *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). Véase, además, *Eagle Security Police, Inc. v. Efrón Dorado*, 211 DPR 70, 84 (2023).

[17] *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012).

[18] Hernández Colón, *op. cit.*, sec. 2604, pág. 307; *Ashcroft v. Iqbal*, 556 US 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).

[19] *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994). Véase, además, *Costas Elena v. Magic Sport Culinary Corp.*, *supra*.

[20] *López García v. López García*, *supra*; *SLG Sierra v. Rodríguez*, 163 DPR 738, 746 (2005). Véase, además, *Cobra Acquisitions, LLC v. Mun. Yabucoa*, 210 DPR 384, 396 (2022).

[21] Exposición de Motivos, Ley Núm. 141-2019 (3 LPRA sec. 9911 *et seq.*).

cumplir con esta obligación, la Asamblea Legislativa aprobó la Ley Núm. 141-2019, cuyo objetivo es:

> [F]omentar una cultura inequívoca de apertura sobre las gestiones del Gobierno, establecer una política pública proactiva sobre rendición de cuentas a la ciudadanía, desalentar los actos de corrupción o antiéticos, promover la participación ciudadana e instituir normas y principios claros, ágiles y económicos para el ejercicio pleno del derecho de acceso a la información pública.[22]

Las disposiciones de la Ley Núm. 141-2019 regulan las gestiones de todas las entidades gubernamentales relacionadas con el acceso a la información pública, incluyendo a las Ramas Legislativa, Judicial y Ejecutiva, así como a las corporaciones públicas, los municipios, e incluso terceros custodios de información o documentos públicos.[23] En particular, el Artículo 4 de dicho cuerpo normativo expone los parámetros de divulgación de información pública en los siguientes términos: la "entidad gubernamental tiene el deber de divulgar en su página electrónica oficial, de forma periódica, proactiva y actualizada, la información sobre su funcionamiento, la ejecución y control de las funciones delegadas, así como toda documentación pública que sea realizada por la entidad de forma rutinaria".[24] En la alternativa, la ciudadanía puede optar por "solicitar información pública mediante solicitud escrita o por vía electrónica, sin necesidad de acreditar algún interés particular o jurídico".[25]

Finalmente, el Artículo 12 la Ley Núm. 141-2019 exige que dicho ordenamiento se interprete "en la forma más liberal y beneficiosa para la persona solicitante de información pública. En caso de conflicto entre [sus

---

[22] *Id.*
[23] Art. 2 de la Ley Núm. 141-2019 (3 LPRA sec. 9912).
[24] Art. 4 de la Ley Núm. 141-2019 (3 LPRA sec. 9914).
[25] Art. 6 de la Ley Núm. 141-2019 (3 LPRA sec. 9916).

disposiciones] y la[s] de cualquier otra legislación, prevalecerá aquella que resulte más favorable para la persona solicitante de información y documentación pública."[26]

**III-**

Para COSSEC, la Ley Núm. 141-2019 limita el acceso a la información pública mediante ciertas normas y excepciones. Específicamente, exige que las solicitudes de información pública se tramiten por conducto de los Oficiales de Información de las entidades públicas concernidas. De este modo, se asegura que las peticiones "sean tratadas de manera uniforme y profesional". Sin embargo, en el presente caso, la recurrida se desvió de la norma y solicitó la información por conducto de la señora Acevedo Román, quien no es la oficial de prensa ni la oficial de información designada por la peticionaria para realizar esas tareas. Por tal razón, procedía denegar acceso a la información solicitada por la señora Acevedo Betancourt.

Ahora bien, luego de revisar cuidadosamente los escritos de las partes y los documentos que los acompañan, consideramos que ni el remedio ni la disposición de la *Resolución* recurrida son contrarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

Finalmente, no encontramos ninguna situación, al amparo de los restantes criterios de la Regla 40, que justifique la expedición del auto.

---

[26] Art. 12 de la Ley Núm. 141-2019 (3 LPRA sec. 9922).

## -IV-

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                                    Lcda. Lilia M. Oquendo Solís
                        Secretaria del Tribunal de Apelaciones